UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


KATHRYN GAUTREAU

VERSUS

LOWE'S HOME CENTER, INC., ET AL.

CIVIL ACTION

NUMBER 12-630-JJB-SCR


**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, December 19, 2012.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


KATHRYN GAUTREAU

VERSUS

LOWE'S HOME CENTER, INC., ET AL.

CIVIL ACTION

NUMBER 12-630-JJB-SCR


**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiff Kathryn Gautreau.  Record document number 4.  The motion is opposed.[1]

For the reasons which follow, the plaintiff's Motion to Remand should be denied.

**Background**

Plaintiff filed suit in state court seeking damages for injuries she sustained while shopping at a Lowe's Home Center store in Gonzales, Louisiana.  Plaintiff alleged that a pre-fabricated shelving board fell from a display shelf and struck her left foot. Plaintiff alleged that the display shelf did not have a lip or other barrier along its bottom edge to prevent merchandise from sliding or falling off the shelf.  Plaintiff alleged that she suffered severe and permanent injuries to her foot, including a severe laceration, fracture, swelling, and disability.  Plaintiff named as defendants Lowe's Home Center, Inc., and Rob Davis, the

---

[1] Record document number 5.

general manager of the store where the accident occurred. Plaintiff sought the following past present and future damages: (1) medical bills, (2) physical pain and suffering, (3) permanent physical damage and impairment, functional disability, and disfigurement, (4) mental anguish, (5) loss of enjoyment of life, (6) loss of wages and employment benefits, and (7) loss and diminution of wage earning capacity.

Defendants removed the case to this court asserting subject matter jurisdiction under 28 U.S.C. § 1332, specifically alleging that the Louisiana citizenship of the defendant Davis should be ignored because he was improperly joined.[2] Defendants asserted that the plaintiff's claim against defendant Davis is not valid under Louisiana law because he did not breach any personal duty owed to the plaintiff in connection with the accident. Defendants also argued the plaintiff's complaint failed to allege damages less than the jurisdictional amount of $75,000. Defendants asserted that damages in excess of $75,000 were demonstrated in subsequent discovery responses and medical records.

Plaintiff moved to remand, arguing that defendant Davis was not improperly joined and the defendants cannot show that there is no possibility of establishing a cause of action against him. In

---

[2] Defendants alleged citizenship as follows: the plaintiff is a citizen of Louisiana; defendant Lowe's Home Center, Inc. is incorporated and maintains its principal place of business in North Carolina; defendant Davis is a citizen of Louisiana. Record document number 1, Notice of Removal, ¶¶ 5-7.

2

support of her argument, the plaintiff asserted that the store, under defendant Davis' direct guidance and supervision, had reconfigured the display shelving approximately one week before the accident occurred. Plaintiff argued that defendant Davis had been charged with the responsibility to inspect the reconfiguration and remove any unsafe condition. Thus, plaintiff maintained, defendant Davis knew or should have known of the defective display shelving and position of merchandise which fell but failed to take reasonable steps to remedy the hazardous condition. Plaintiff also argued that defendants failed to set forth sufficient facts to demonstrate that the amount in controversy exceeds $75,000 and that her discovery responses do not indicate by a preponderance of the evidence that her damages will be over the jurisdictional amount.

## Applicable Law

The party seeking removal based on improper joinder of an in-state party bears a heavy burden of proving that the joinder was improper. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The statutory basis for the doctrine of improper joinder is found in 28 U.S.C. §§ 1441 and 1359. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825 (2005). Since the purpose of the inquiry is to determine whether the in-state defendant was properly joined, the focus must be on the joinder, not the merits of the plaintiff's case. *Id*.

There are two recognized ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.*, *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). In the latter situation the test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant. Stated another way, there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Smallwood*, 385 F.3d at 573; *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). The court may decide the question of whether the plaintiff has a reasonable basis of recovery under state law either by employing a Rule 12(b)(6), Fed.R.Civ.P., analysis, or by piercing the pleadings and conducting a summary judgment inquiry. *Id*. In resolving questions of improper joinder, all disputed questions of fact and ambiguities in the controlling state law are resolved in favor of the non-removing party. *Carriere v. Sears, Roebuck and Co.* 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60 (1990).

**Individual Officer Liability**

The state law governing the court's analysis of the improper joinder issue in this case is Louisiana's law setting forth the circumstances under which a corporate officer or employee can be

4

held individually liable for injuries to third persons. This law is explained in *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973). In *Canter* the court adopted the following criteria for imposing liability on individual officers or employees for breaching a duty arising solely because of the employment relationship:

> 1. The principal or employer owes a duty of care to the third person ... breach of which has caused the damage for which recovery is sought.
>
> 2. This duty is delegated by the principal or employer to the defendant.
>
> 3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances--whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.
>
> 4. With regard to the personal (as contrasted with the technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

*Id.* at 721; *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 312 (2005).

5

**Amount in Controversy**

Because plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages,[3] the Fifth Circuit has established a framework for resolving disputes over the amount in controversy for actions removed based on diversity jurisdiction from Louisiana courts.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000).  In such cases the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount is satisfied in one of two ways:  (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00; or, (2) by setting forth facts--preferably in the removal petition, but sometimes by affidavit--that support a finding the required amount is present. *Id.*; *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945, 123 S.Ct. 1634 (2003).

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal.  *Gebbia*, 233

---

[3] Louisiana Civil Code article 893 provides that while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand, "if a specific amount of damages is necessary to establish...the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required."
  Plaintiff did not allege that her claim was for less than the required jurisdictional amount. While this factor supports finding that the plaintiff's claims are not for less than the amount required for diversity jurisdiction, it is not determinative and is considered in light of other evidence. *See*, *Weber v. Stevenson*, 2007 WL 4441261 *2 (M.D. La. Dec. 14, 2007).

F.3d at 883. If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000.00, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.*; *Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994). However, post-removal affidavits may be considered in determining the amount in controversy if the basis for jurisdiction is ambiguous at the time of removal. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000.00. *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586 (1938).

## Analysis

**Defendant Rob Davis Was Improperly Joined**

A review of the allegations in the plaintiff's Petition for Damages and the record at the time of removal demonstrates that the plaintiff has not alleged a valid claim against defendant Davis. Plaintiff alleged that, as the general manager of the store, Davis

was responsible for inspecting the aisle reconfiguration at issue and the subsequent placement of merchandise on the new display shelving. Plaintiff also alleged that defendant Davis should have inspected the completion of the reconfigured shelving, and thus knew or should have known of the hazardous condition but failed to remedy it. However, none of the allegations of negligent acts committed by Davis contain any facts which distinguish Davis' alleged duty to the plaintiff from the general administrative responsibilities of his employment.[4] The duty alleged by the plaintiff is a duty owed generally to all patrons of the store - not a duty owed personally to the plaintiff arising from some relationship unique to her.

Plaintiff has also failed to alleged any facts that demonstrate defendant Davis had any personal involvement in the construction of the display or that he individually performed any action which caused the accident. In an affidavit submitted with the Notice of Removal, Davis stated that he did not construct or configure the display that housed the merchandise which fell.[5] Defendant Davis also stated that prior to the accident, he had no knowledge of any issue or condition with the display and shelving

---

[4] Record document number 1, Exhibit A, Petition for Damages, ¶ 13.

[5] Record document number 1, Exhibit C, Affidavit of Rob Davis, ¶ 8.

8

at issue.[6]  Plaintiff has no factual to allege that Davis actively contributed to or had any personal knowledge of a harmful condition sufficient to create a personal duty owed to her.[7]

**Jurisdictional Amount Has Been Established**

Because it is not facial apparent from the allegations in the petition that the plaintiff's claim exceeds $75,000, the defendants must demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.  To establish this, the defendants relied on the plaintiff's discovery responses, her medical records, allegations in the plaintiff's Petition for Damages, and case law regarding damages generally awarded for similar injuries.

In the her discovery responses, the plaintiff indicated that her injuries are unresolved, that her foot and ankle continue to swell and become still.[8]  Plaintiff stated that "her injury caused her to suffer unrelenting pain in her foot and lower extremity, with unusual sensitivity to any stimulus, such that she sometimes

---

[6] *Id.* at ¶ 6

[7] *See*, *Black v. Lowe's Home Centers, Inc.*, 2010 WL 4790906 (M.D.La Oct. 22, 2010) and *Brady v. Wal-Mart Stores, Inc.*, 907 F.Supp. 958 (M.D.La. July 19, 1995).  Even if Davis had any personal role in constructing the display or knowledge of a harmful condition, that would not create a personal duty to the plaintiff.  Again, any such duty would be owed to the store patrons generally, and not to the plaintiff personally.

[8] Record document number 1, Exhibit D, Plaintiff's Responses to Defendants' First Set of Interrogatories, Number 13.

cannot bear for the extremity to touch anything."[9] Plaintiff's medical records from Dr. Chad Loup confirm that she was suffering from hypersensitivity and discoloration in her left foot almost five months after the accident.[10] Dr. Loup also indicated the plaintiff's possible development of early RSD. Plaintiff was prescribed Lyrica in addition therapy for desensitization. Plaintiff acknowledged that she is seeking damages in excess of $50,000.[11] As of October 2012, the plaintiff would not deny that her claim exceeded $75,000.[12]

Considering these facts in light of her original injuries, her unresolved medical issues, and her request for damages in the form of future medical expenses, loss of earning capacity, functional disability, and permanent physical damage and impairment, an amount in controversy in excess of $75,000 has been establish by a preponderance of the evidence. Because the plaintiff has not provided any evidence to show to a legal certainty that the amount in controversy will not exceed $75,000, e.g. a binding stipulation to damages under $75,000 filed with her Petition for Damages (or even post-removal), the jurisdictional amount required under § 1332

---

[9] *Id.*

[10] Record document number 1, Exhibit G.

[11] Record document number 1, Exhibit D, Plaintiff's Responses to Defendants' First Set of Interrogatories, Number 25.

[12] Record document number 4, Exhibit P-A, Plaintiff's Response to Defendants' First Request for Admissions.

has been satisfied.

## Conclusion

Defendants have shown by a preponderance of the evidence that the amount in controversy required for diversity jurisdiction is present. Defendants have also shown that there is no reasonable basis for this court to predict that the plaintiff might be able to recover against defendant Davis in his individual capacity under Louisiana law. Because defendant Davis was improperly joined his citizenship is disregarded. Consequently, there is complete diversity of citizenship between the plaintiff and defendant Lowe's Home Center, Inc., and the court has diversity jurisdiction.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiff Kathryn Gautreau be denied.

Baton Rouge, Louisiana, December 19, 2012.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE